[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Johnnie Jones appeals a decision of the defendant state employees review board affirming his dismissal from employment by the defendant department of correction. The board acted pursuant to General Statutes §§ 5-201 and 5-202. The plaintiff appeals pursuant to §§ 5-202 (1) and 4-183. Both parties have filed memoranda of law in support of their respective positions. They have waived oral argument, and the court decides the appeal on the basis of the briefs and the administrative record. The court finds the issues in favor of the defendant board.
The facts essential to the court's decision are not in dispute. The plaintiff was employed by the department of correction as a lieutenant at the Hartford Correctional Center. On February 9, 1995, the warden of the center notified the plaintiff that he was dismissed as the result of an incident that took place on November 29, 1995, when the plaintiff allegedly allowed an individual to bring illegal drugs into the jail for delivery to an inmate.
After going through the required grievance procedure, the plaintiff appealed his dismissal to the defendant board. The board held a hearing in accordance with § 5-202 on May 8, 1996, the delay occasioned in part by unfilled vacancies on the board and the absence of a quorum. At the hearing, the plaintiff appeared, represented by counsel, and testified in his own behalf. The board also heard other witnesses and accepted various documentary evidence.
Following the hearing, on July 26, 1996, the board rendered its final decision. The board found that an inmate named Marquez had repeatedly attempted to obtain the plaintiff's assistance in having a friend from the outside deliver a package to Marquez. On at least one occasion, the board found, Marquez had offered the plaintiff a bribe. The plaintiff never reported these contacts. The board found that on November 29, 1994, an individual whom the plaintiff knew to be an acquaintance of Marquez, came to a locked CT Page 4279 outside security door of the jail, carrying an object. The door permitted access to two inmate dormitories and was not a public entrance. The plaintiff unlocked the door at the individual's request and allowed him to enter and go into a bathroom unsupervised. When the individual left, he no longer had the object, and the plaintiff assumed that he had left it in the bathroom. The object, which was later found in the bathroom, was a package containing heroin and money. The plaintiff was subsequently arrested on a charge of conveying drugs into a correctional facility. At the time of the board hearing, the criminal charge was still pending.
Based on the factual findings summarized above, the board concluded that the plaintiff violated numerous department of correction regulations and "post orders." Accordingly, it affirmed the department's decision to terminate his employment.
The plaintiff advances essentially two arguments in support of his appeal: (1) that the board's decision differed from that of the level three decision, which also affirmed his dismissal and (2) that the board's decision is arbitrary and not supported by the evidence.
The level three decision was based on the determination that the plaintiff was "guilty of assisting an inmate in conveying narcotics into a correctional facility." The board's decision was based on its determination that the plaintiff violated numerous departmental regulations and rules. The distinction, if there is any, is without significance in this case. The plaintiff appealed his dismissal to the board. The board heard testimony, including especially that of the plaintiff, which amply supported the factual findings summarized above. Those facts, which are not seriously disputed, established that the plaintiff knowingly violated clear, sensible rules and regulations designed to maintain the security of correctional facilities.
The plaintiff's argument that there was insufficient evidence to support the board's findings is without merit. The plaintiff's own testimony was that he knew that he was violating the rules when he failed to report the bribe attempt and when he allowed the individual to enter the jail through the security door, carrying an unidentified object.
The appeal is dismissed. CT Page 4280
MALONEY, J.